E-FILED on     9/4/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC. et al.,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>            Defendant. | No. C-08-03999 RMW<br><br>ORDER GRANTING *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY<br><br>**[Re Docket No. 2]** |

### I.  BACKGROUND

The plaintiffs ("Recording Companies") in this case are record companies, copyright holders and members of the Recording Industry Association of America, Inc. *See* Docket No. 3, Decl. of Carlos Linares ¶¶ 1-2. The defendant, John Doe, is alleged to have distributed a variety of copyrighted sound recordings over a peer-to-peer network. Docket No. 1, Compl. Ex. A. Using a third-party investigator, MediaSentry, Inc., the Recording Companies patrol various peer-to-peer networks, and so encountered this John Doe's alleged distribution of the Recording Companies' copyrighted works. *See* Linares Decl. ¶¶ 12, 18. Because a peer-to-peer network user's username often bears no relation to their actual identity, however, John Doe's true identity remains unknown to the Recording Companies. *See id.* ¶ 10.

The Recording Companies do know John Doe's IP address (169.233.32.109) and when John Doe was assigned that address (May 15, 2008 at 9:48 am). Compl. Ex. A. The Recording

Companies' investigation of the IP address led them to the University of California, Santa Cruz. Linares Decl. ¶ 18.[1] Based on the location of John Doe's IP address, the Recording Companies believe the defendant resides in this judicial district. *See* Compl. ¶¶ 3, 9.

The Recording Companies filed suit on August 21, 2008 and contemporaneously filed an *ex parte* application for leave to take immediate discovery. The Recording Companies wish to serve a subpoena on third party the University of California, Santa Cruz pursuant to Rule 45 to obtain "documents that identify Defendant, including the name, current (and permanent) address and telephone number, e-mail address, and Media Access Control addresses for Defendant." The Recording Companies also tack on a request that the court order disclosure of this information pursuant to 20 U.S.C. § 1232g(b)(2)(B).

## II. ANALYSIS

Rule 26(d) forbids a party from seeking discovery from any source "before the parties have conferred as required" by the rules of civil procedure. Fed. R. Civ. P. 26(d)(1). Rule 26(d) permits a few exceptions, including allowing pre-conference discovery by court order. *Id.* In turn, a court may order pre-conference discovery upon a showing of good cause. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

To begin, "the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But it is appropriate "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id.* Here, the Recording Companies have conducted as extensive an investigation as practical into the defendant's identity before filing their complaint, and in this context, proceeding against a "John Doe" defendant seems appropriate. "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* Thus, the Recording Companies are entitled

---

[1] This statement is readily confirmed using free IP address locator services, for example, http://www.ip-adress.com/ipaddresstolocation/.

to some discovery to attempt to identify the defendant because it appears likely discovery will identify the unknown defendant and their complaint appears unlikely to be dismissed on other grounds.

Obviously, a plaintiff cannot have a discovery planning conference with an anonymous defendant. It follows that the discovery the Recording Companies are entitled to conduct to identify the defendant must take place before the discovery planning conference because such information will permit the Recording Companies to identify John Doe and serve the defendant, permitting this case to go forward. That information has the additional benefit of allowing the Recording Companies to begin settlement negotiations. To accomplish these goals, the Recording Companies request "documents that identify Defendant, including the name, current (and permanent) address and telephone number, e-mail address, and Media Access Control addresses for Defendant." The court agrees that documents identifying John Doe's name, current and permanent address, e-mail address and Media Access Control number will permit the Recording Companies to identify and serve John Doe. But the Recording Companies do not explain why they need to know John Doe's telephone number. It is not obvious why such information is necessary to identify and serve the defendant, and the court sees no benefit to enabling the Recording Companies to communicate with a potentially unrepresented defendant without creating evidence of any such communications. The Recording Companies have therefore shown a compelling need for their requested discovery, minus the defendant's telephone number.

This need must be balanced against "the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. Here, the responding party is the University of California, Santa Cruz. It is unclear what prejudice it will suffer if ordered to turn over the information requested by the Recording Companies. On the other hand, there is some need for exigency given the possibility that the information linking the known to IP address to the defendant's identity will be destroyed in the ordinary course of business. *See* Linares Decl. ¶¶ 24, 25. Were UC Santa Cruz an ordinary internet service provider then, it seems clear that the need for the requested discovery would substantially outweigh any prejudice.

But UC Santa Cruz is not an ordinary internet service provider. It is also a university that depends on federal funding, and must comply with the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g. The Act generally prohibits the disclosure of "any personally identifiable information in education records other than directory information." 20 U.S.C. § 1232g(b)(2).[2] An exception exists for lawfully issued subpoenas, provided that "parents and the students are notified of all such . . . subpoenas in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. § 1232g(b)(2)(B). Thus, it appears that any prejudice to UC Santa Cruz stemming from the Act is addressed by ensuring that it has adequate time to notify John Doe and John Doe's parents (if John Doe is a student) prior to complying with the subpoena.

## III.  ORDER

For the foregoing reasons, the court grants the Recording Companies leave to serve immediately a Rule 45 subpoena on the University of California, Santa Cruz to seek documents revealing the name, current and permanent address, e-mail address, and Media Access Control address of John Doe.

The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B). The return date of the subpoena must be reasonably calculated to permit the University to notify John Doe and John Doe's parents if it chooses prior to responding to the subpoena. Furthermore, any information disclosed to the Recording Companies in response to the Rule 45 subpoena may be used solely for the purpose of protecting their rights under the Copyright Act.

If the University or John Doe wishes to move to quash the subpoena, it must do so before the return date of the subpoena.

DATED:     8/29/2008

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[2]  "Directory information" is defined as including "the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student." 20 U.S.C. § 1232g(a)(5)(A). It appears that the statute permits parents to request that a university not disclose directory information about their children. 20 U.S.C. § 1232g(a)(5)(B).

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Dawniell Alise Zavala       dawniell.zavala@hro.com

**Counsel for Defendant:**

No appearance

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   9/4/2008                                                TSF
                                                          **Chambers of Judge Whyte**